UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CASE NO.

MIRIAM HART,

    Plaintiff,

v.

ADLER WALLACH & ASSOCIATES,
INC. d/b/a AWA COLLECTIONS,

    Defendant.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, MIRIAM HART ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Alachua, and City of Newberry.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, ADLER WALLACH & ASSOCIATES, INC. d/b/a AWA COLLECTIONS ("Defendant") is a corporation who at all relevant times was engaged, by use of

the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with collection of an alleged debt in default, Defendant sent Plaintiff initial written communication dated May 25, 2011. (See copy of letter dated May 25, 2011, attached hereto as Exhibit "A").

12. Defendant's May 25, 2011 initial communication failed to provide Plaintiff with the notices required pursuant to 15 U.S.C. § 1692g(a) et seq., and Defendant failed to provide Plaintiff with the same within five days thereof.

13. Further, Defendant's May 25, 2011 written communication stated, "Se Habla Espanol," and provided its telephone number at the bottom of the letter. (See Exhibit "A").

14. Defendant's May 25, 2011 communication failed to provide any other language in spanish, and specifically failed to provide the disclosures required by 15 U.S.C. § 1692e(11) in spanish. (See Exhibit "A").

15. Additionally, Defendant's May 25, 2011 written communication identified Defendant's client as "CHASE TEST ACCOUNTS." (See Exhibit "A").

16. In connection with the collection of an alleged debt in default, Defendant sent Plaintiff written correspondence dated June 24, 2011. (See copy of letter dated June 24, 2011, attached hereto as Exhibit "B").

17. Defendant's June 24, 2011 written communication stated, "Se Habla Espanol," and provided its telephone number at the bottom of the letter. (See Exhibit "B").

18. Defendant's June 24, 2011 written communication failed to provide any other language in spanish, and specifically failed to provide the disclosures required by 15 U.S.C. § 1692e(11) in spanish. (See Exhibit "B").

19. Additionally, Defendant's June 24, 2011 written communication identified Defendant's client as "JP MORGAN CHASE." (See Exhibit "B").

20. In connection with the collection of an alleged debt in default, Defendant sent Plaintiff written correspondence dated July 13, 2011. (See copy of letter dated July 13, 2011, attached hereto as Exhibit "C").

21. Defendant's July 13, 2011 written communication stated, "Se Habla Espanol," and provided its telephone number at the bottom of the letter. (See Exhibit "C").

22. Defendant's July 13, 2011 written communication failed to provide any other language in Spanish, and specifically failed to provide the disclosures required by 15 U.S.C. § 1692e(11) in Spanish.  (See Exhibit "C").

23. Additionally, Defendant's July 13, 2011 written communication identified Defendant's client as "JP MORGAN CHASE."  (See Exhibit "C").

24. A search on the Florida Secretary of State website returns the following companies containing "JP MORGAN CHASE":

> J.P. MORGAN CHASE & CO.
> JPMORGAN CHASE & CO.
> J.P. MORGAN CHASE NATIONAL CORPORATE SERVICES, INC.
> JPMORGAN CHASE VASTERA INC.
> JPMORGAN CHASE VASTERA PROFESSIONAL SERVICES INC.

25. On August 29, 2011, Plaintiff sent Defendant written communication via certified mail, in which Plaintiff disputed the alleged debt and demanded validation of said alleged debt.  (See copy of letter dated August 29, 2011, attached hereto as Exhibit "D").

26. Defendant received Plaintiff's written dispute regarding the alleged debt with JP Morgan Chase on September 1, 2011 at 7:45 A.M.  (See certified mail receipt, attached hereto as Exhibit "E").

27. Despite receipt of Plaintiff's written dispute and demand for validation, Defendant sent Plaintiff written communication dated September 15, 2011, in which Defendant demanded payment from Plaintiff, but failed to validate the alleged debt.  (See copy of letter dated September 15, 2011, attached hereto as Exhibit "F").

28. Further, in its September 15, 2011 written communication, Defendant finally provided Plaintiff with the notices required pursuant to 15 U.S.C. § 1692g(a) et seq. (See Exhibit "F").

29. Defendant's September 15, 2011 written communication identified Defendant's client as "JPMorgan Chase Bank, NA." (See Exhibit "F").

30. Defendant's September 15, 2011 written communication would confuse a Least Sophisticated Consumer and lead them to believe that a second dispute of the alleged debt would be required to obtain validation of the same. (See Exhibit "F").

31. Further, Defendant's September 15, 2011 written communication would mislead the least sophisticated consumer into believing that she must again dispute the alleged debt in order to exercise her rights under the FDCPA, despite the fact that Plaintiff disputed the alleged debt in her August 29, 2011 written dispute. (See Exhibit "F").

## COUNT I

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31

33. Defendant violated 15 U.S.C. § 1692e(2)(a) by falsely representing the character, amount, or legal status of the alleged debt when asserting that "CHASE TEST ACCOUNTS" was the creditor and Defendant's client.

34. In the alternative, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt when asserting that "JP MORGAN CHASE" was the creditor and Defendant's client.

35.     In the alternative, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt when asserting that "JP Morgan Chase Bank, NA" was the creditor and Defendant's client.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

36.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31.

37.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including but not limited to, sending the notices required by 15 U.S.C. § 1692g(a) et seq. after receiving Plaintiff's dispute rather than acknowledging Plaintiff's dispute and/or sending validation of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

38. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31.

39. Defendant violated 15 U.S.C. § 1692e(11) by, while acknowledging that its communications may be read by a Spanish-speaking consumer, failing to disclose in its May 25, 2011 initial written communication a statement in Spanish that it was attempting to collect a debt and that any information obtained would be used for that purpose, and failing to disclose in its June 24, 2011 and July 13, 2011 written communications a statement in Spanish that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

40. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31.

41. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

42. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31.

43. Defendant violated 15 U.S.C. § 1692g(b) by having received written communication from Plaintiff disputing the debt and continuing to engage in collections activity without having first provided validation of the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

44. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 23rd day of May 2012.

Respectfully submitted,
**MIRIAM HART**

By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com